**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

DEMOCRACY FORWARD FOUNDATION,
P.O. Box 34553
Washington, D.C. 20043,

   *Plaintiff*,

vs.

U.S. ELECTION ASSISTANCE
COMMISSION
633 3rd Street NW, Suite 200
Washington, DC 20001

   *Defendant*.

Case No. 26-cv-1271

## COMPLAINT FOR INJUNCTIVE RELIEF

Plaintiff Democracy Forward Foundation ("DFF") brings this action against Defendant U.S. Election Assistance Commission ("EAC" or "the Commission") to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"). Plaintiff alleges as follows:

### Jurisdiction and Venue

1. This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

2. Venue is proper under 28 U.S.C. § 1391(e), as Defendant's headquarters are located in Washington, D.C., within this district, and a substantial part of the events or omissions giving rise to Plaintiff's claims occurred here.

### Parties

3. Plaintiff DFF is a not-for-profit organization incorporated under the laws of the

District of Columbia and based in Washington, D.C. Plaintiff works to promote transparency and accountability in government, in part, by educating the public on government actions and policies.

4.      Defendant EAC is a federal agency within the meaning of FOIA, 5 U.S.C. § 552(f)(1), and is headquartered in Washington, D.C. The EAC has possession, custody, and control of records to which Plaintiff seeks access.

**Facts**

5.      The U.S. Election Assistance Commission is an independent, bipartisan commission whose mission is to help election officials improve the administration of elections and help Americans participate in the voting process.[1]

6.      The Trump-Vance Administration caused significant public concern that the Commission would abandon its historic role as an independent agency charged with helping Americans participate in the voting process when the President issued an Executive Order directing the agency to withhold grant funds under a number of circumstances intended to restrict voting access.[2]

7.      This concern has heightened following indications that external individuals and organizations who *The New York Times* has described as "election deniers," including Cleta Mitchell and Heather Honey, have sought to influence the EAC's operations in recent months in order to restrict voting access.[3] And EAC Commissioner McCormick raised serious concerns among members of Congress after accusing perceived political opponents of "need[ing] illegal

---

[1] *See* U.S. Election Assistance Comm'n, *About the EAC*, https://perma.cc/7QWE-ECS6 (last visited Apr. 9, 2026).
[2] *See* Exec. Order No. 14248, *Preserving and Protecting the Integrity of American Elections*, 90 Fed. Reg. 14,005 (Mar. 28, 2025), https://perma.cc/4GJA-96P6.
[3] *See, e.g.*, Maggie Haberman et al., *Trump Empowers Election Deniers, Still Fixated on 2020 Grievances*, N.Y. Times (Oct. 24, 2025), https://perma.cc/G77K-V7UY; *Federal Election Panel Lawyer Said to Brief Cleta Mitchell's Group as It Pushed Proof of Citizenship*, Democracy Docket (Mar. 3, 2026), https://perma.cc/2ZX3-7XSM.

citizens to increase their votes" at an America First Policy Institute Event.[4]

8.      To shed light on the influence of individuals and organizations with a history of challenging election outcomes without substantiating evidence on EAC's operations and possible efforts by the Trump-Vance Administration to undermine the integrity of upcoming midterm elections, DFF filed the below FOIA requests:

*EAC Text Message and Sent External Email Request*

9.      On February 6, 2026, DFF sent a FOIA request to the EAC seeking the following:

1.  All email communications (including email messages, complete email chains, email attachments, calendar invitations) <u>sent</u> by (a) the EAC Commissioners listed below to (b) email addresses that end in .com, .co, .us, .net, .org, .mail, .edu, .law, .legal, .ch, .me, or .group that (c) concern official business.

    <u>EAC Commissioners:</u>
    A.  Commissioner Donald Palmer
    B.  Commissioner Thomas Hicks
    C.  Commissioner Christy McCormick
    D.  Commissioner Benjamin Hovland

2.  All text messages (including messages sent on applications such as WhatsApp or Signal) sent and received by the EAC commissioners identified in part 1 of this request that concern official business.

10.     This request sought records from October 15, 2025, until the date of the search.

11.     The request expressly limited part (1) to communications <u>sent</u> by the EAC Commissioners in an effort to reduce the number of potentially responsive records to be processed and produced. However, the request stated DFF still requests that complete email chains and texts be produced, displaying both sent and received messages. The request explained that this means, for example, that both Commissioner Palmer's response to an email and the initial received

---

[4] Letter from Sens. Alex Padilla, Jeff Merkley, Ron Wyden & Adam Schiff to Christy McCormick, Comm'r, U.S. Election Assistance Comm'n (Nov. 18, 2025), https://perma.cc/Z7LR-RBC6.

message are responsive to this request and should be produced.

12.     On February 19, 2026, the EAC assigned this request tracking number 26-0031.

13.     On April 9, 2026, DFF inquired about the processing of this request and proactively narrowed its scope.

14.     On April 10, 2026, the EAC estimated that, even with DFF's proactive narrowing, the EAC would not respond to this request until February 2027 (10 months from now), long after this year's federal elections.

15.     DFF has received no subsequent communications from the EAC regarding this FOIA request.

*EAC Advocacy Group Communications*

16.     On February 6, 2026, DFF sent a FOIA request to the EAC seeking the following:

> All electronic communications (including emails, email attachments, complete email chains, calendar invitations, calendar invitation attachments, text messages, or messages on messaging platforms, including Signal, WhatsApp, Slack and Microsoft Teams) between (a) the EAC Commissioners listed below and (b) any of the external entities listed below.
>
> EAC Commissioners:
> A. Commissioner Donald Palmer
> B. Commissioner Thomas Hicks
> C. Commissioner Christy McCormick
> D. Commissioner Benjamin Hovland
>
> External Entities:
> 1. Election Integrity Network ("EIN") (including, but not limited to @whoscounting.us; @electionintegritynetwork.org, @electionintegrity.network)
> 2. Cleta Mitchell, Chair of EIN (including, but not limited to @cletamitchell.com, @conservativepartnership.org)
> 3. Citizen Election Research Center ("CERC") (including, but not limited to @citizenselectionresearchcenter.org)
> 4. EagleAI Network (eagleai.pro)
> 5. Virginia Institute for Public Policy (including, but not limited to virginiainstitute.org)

6.  Public Interest Legal Foundation (including, but not limited to publicinterestlegal.org)
7.  True the Vote (including, but not limited to truethevote.org)

17.    This request sought records from May 1, 2025, until the date of the search.

18.    On February 19, 2026, the EAC acknowledged this request and assigned it tracking number 26-0032.

19.    On April 9, 2026, DFF inquired about the processing of this request and proactively narrowed its scope.

20.    On April 10, 2026, the EAC estimated that, even with DFF's proactive narrowing, the EAC would not respond to this request until February 2027 (10 months from now), long after this year's federal elections.

21.    DFF has received no subsequent communications regarding this FOIA request.

*Exhaustion of Administrative Remedies*

22.    As of the date of this Complaint, Defendant EAC has failed to notify DFF of determinations regarding the FOIA requests described herein. Through Defendant's failure to respond within the time limits required by law, DFF has constructively exhausted administrative remedies on these requests. 5 U.S.C. § 552(a)(6)(C)(i).

**CLAIM FOR RELIEF**

**Count 1 (Violation of FOIA, 5 U.S.C. § 552)**

1.    Plaintiff incorporates by reference the foregoing paragraphs as though fully set forth herein.

2.    By failing to respond to Plaintiff's requests with determinations within the statutorily mandated time period, Defendant EAC has violated its duties under 5 U.S.C. § 552, including but not limited to, its duties to conduct a reasonable search for responsive records, to

take reasonable steps to release all nonexempt information, and to not withhold responsive records.

## **REQUEST FOR RELIEF**

WHEREFORE, Plaintiff requests that this Court:

1.  Order Defendant to conduct adequate searches for any and all responsive records to Plaintiff's FOIA requests using search methods reasonably calculated to lead to discovery of all responsive records;

2.  Order Defendant to produce any and all non-exempt responsive records and a *Vaughn* index of any responsive records withheld under a claim of exemption;

3.  Enjoin Defendant from continuing to withhold any and all non-exempt responsive records;

4.  Award Plaintiff its costs, attorneys' fees, and other disbursements for this action; and

5.  Grant any other relief this Court deems appropriate.

Dated: April 15, 2026

Respectfully submitted,

/s/ *Daniel A. McGrath*

Daniel A. McGrath
(D.C. Bar No. 1531723)
Amy C. Vickery
(pro hac vice forthcoming)
Robin F. Thurston
(D.C. Bar No. 7268942)
Democracy Forward Foundation
P.O. Box 34553
Washington, D.C. 20043
(202) 448-9090
dmcgrath@democracyforward.org
avickery@democracyforward.org
rthurston@democracyforward.org