UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DEMOCRACY FORWARD FOUNDATION,<br>Plaintiff,<br>v.<br>U.S. ELECTION ASSISTANCE COMMISSION,<br>Defendant. | Civil Action No. 26-1271 (TNM) |

# ANSWER

Defendant U.S. Election Assistance Commission ("EAC"), by and through undersigned counsel, respectfully submits this Answer to the Complaint filed by Plaintiff Democracy Forward Foundation ("DFF") on April 15, 2026. (ECF No. 1). This case arises under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. Defendant expressly denies all allegations in the Complaint, including the relief sought, that are not specifically admitted to or otherwise qualified in this Answer. Moreover, to the extent the Complaint refers to or quotes from external documents, statutes, or other sources, Defendant may refer to such materials for their accurate and complete contents. However, such references are not intended to be, and should not be construed as, an admission that the cited materials are: (a) correctly cited or quoted by Plaintiff; (b) relevant to this, or any other, action; or (c) admissible in this, or any other, action. Defendant responds to the Complaint in corresponding, numbered paragraphs as follows:

## JURISDICTION AND VENUE[1]

1. The allegations in this paragraph consist of conclusions of law concerning jurisdiction, to which no response is required. To the extent a response is deemed required, Defendant admits that this Court has jurisdiction over FOIA claims subject to the terms and limitations of the FOIA and 28 U.S.C. § 1331.

2. The allegations in this paragraph consist of conclusions of law concerning venue, to which no response is required. To the extent a response is deemed required, Defendant admits that venue over properly asserted FOIA claims lies in this district.

## PARTIES

3. The allegations in this paragraph consist of Plaintiff's characterization of itself, to which no response is required. To the extent a response is deemed required, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

4. Defendant admits the allegations in the first sentence of this paragraph. The remainder of the allegations in this paragraph consist of conclusions of law, to which no response is required. To the extent a response is deemed required, Defendant avers that it has conducted a search and has located potentially responsive documents in its possession, custody, and control.

## FACTS

5. Defendant admits the allegations in this paragraph.

6. The allegations in this paragraph do not set forth a claim for relief or aver facts in support of a claim to which an answer is required, and thus, the Court should strike them as

[1] Unless otherwise stated, for ease of reference, Defendant refers to the headings contained in the Complaint, but to the extent those headings could be construed to contain factual allegations, those allegations are denied.

immaterial and impertinent matters pursuant to Rule 12(f). To the extent a response is deemed required, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

7. The allegations in this paragraph do not set forth a claim for relief or aver facts in support of a claim to which an answer is required, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f). To the extent a response is deemed required, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

8. Defendant admits that it received a FOIA request from Plaintiff dated on or about February 6, 2026. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations concerning Plaintiff's intent in submitting that FOIA request.

9. Defendant admits that it received a FOIA request from Plaintiff dated on or about February 6, 2026. The remainder of this paragraph consists of Plaintiff's characterization of that FOIA request, to which no response is required. The request speaks for itself and is the best evidence of its contents. Defendant respectfully refers the Court to the request for a full and accurate statement of its contents and denies any allegations inconsistent therewith.

10. Defendant admits the allegations in this paragraph.

11. Defendant admits that it received a FOIA request from Plaintiff dated on or about February 6, 2026. The remainder of this paragraph consists of Plaintiff's characterization of that FOIA request, to which no response is required. The request speaks for itself and is the best evidence of its contents. Defendant respectfully refers the Court to the request for a full and accurate statement of its contents and denies any allegations inconsistent therewith.

12. Defendant admits that on February 19, 2026, it acknowledged receipt of Plaintiff's

FOIA request and assigned it request number 26-0031.

13. Defendant admits that it received an inquiry regarding FOIA request number 26-0031 from Plaintiff on April 9, 2026. The remainder of this sentence consists of Plaintiff's characterization of that correspondence, to which no response is required. The correspondence speaks for itself and is the best evidence of its contents. Defendant respectfully refers the Court to the correspondence for a full and accurate statement of its contents and denies any allegations inconsistent therewith.

14. Defendant admits that it corresponded with Plaintiff on April 10, 2026, with an estimated time of completion. The remainder of this paragraph consists of Plaintiff's characterization of that correspondence, to which no response is required. The correspondence speaks for itself and is the best evidence of its contents. Defendant respectfully refers the Court to the correspondence for a full and accurate statement of its contents and denies any allegations inconsistent therewith.

15. Defendant admits that no subsequent communications were sent by the EAC regarding this FOIA request as of the date Plaintiff filed its Complaint. However, Defendant avers that on May 6, 2026, Defendant asked Plaintiff to further narrow its request, and that Plaintiff has not responded to that correspondence. Defendant respectfully refers the Court to the correspondence for a full and accurate statement of its contents and denies any allegations inconsistent therewith.

16. Defendant admits that it received a FOIA request from Plaintiff dated on or about February 6, 2026. The remainder of this paragraph consists of Plaintiff's characterization of that FOIA request, to which no response is required. The request speaks for itself and is the best evidence of its contents. Defendant respectfully refers the Court to the request for a full and

accurate statement of its contents and denies any allegations inconsistent therewith.

17. Defendant admits the allegations in this paragraph.

18. Defendant admits that on February 19, 2026, it acknowledged receipt of Plaintiff's FOIA request and assigned it request number 26-0032.

19. Defendant admits that it received an inquiry regarding FOIA request number 26-0032 from Plaintiff on April 9, 2026. The remainder of this sentence consists of Plaintiff's characterization of that correspondence, to which no response is required. The correspondence speaks for itself and is the best evidence of its contents. Defendant respectfully refers the Court to the correspondence for a full and accurate statement of its contents and denies any allegations inconsistent therewith.

20. Defendant admits that it corresponded with Plaintiff on April 10, 2026, with an estimated time of completion. The remainder of this paragraph consists of Plaintiff's characterization of that correspondence, to which no response is required. The correspondence speaks for itself and is the best evidence of its contents. Defendant respectfully refers the Court to the correspondence for a full and accurate statement of its contents and denies any allegations inconsistent therewith.

21. Defendant admits that no subsequent communications were sent by the EAC regarding this FOIA request as of the date Plaintiff filed its Complaint.

22. The allegations in this paragraph consist of conclusions of law, to which no response is required. To the extent a response is deemed required, Defendant denies the allegations in this paragraph.

**CLAIM FOR RELIEF**

**Count 1 (Violation of FOIA, 5 U.S.C. § 552)**

1. Defendant realleges and incorporates by reference all the preceding paragraphs of this Answer as if fully stated in this paragraph.

2. The allegations in this paragraph consist of conclusions of law, to which no response is required. To the extent a response is deemed required, Defendant denies the allegations in this paragraph.

**REQUEST FOR RELIEF**

The remainder of the Complaint consists of Plaintiff's request for relief, to which no response is required. To the extent a response is deemed required, Defendant denies that Plaintiff is entitled to the relief requested.

**DEFENSES**

Defendant alleges the following additional defenses to the Complaint. Defendant does not assume the burden of proving any of these defenses or elements of them where the burden is properly placed on Plaintiff as a matter of law.

1. Defendant has exercised due diligence in responding to Plaintiff's FOIA requests and exceptional circumstances exist that necessitate additional time for Defendant to search for and process records, if any, responsive to Plaintiff's FOIA requests.

2. Plaintiff is not entitled to compel production of any record or portion of any record that the FOIA, the Privacy Act, or any other federal law excludes, exempts, or otherwise protects from disclosure.

3. Defendant has not improperly withheld records requested by Plaintiff under the FOIA, to the extent such records exist, as some or all the requested records, or portions thereof,

may be exempt from disclosure. 5 U.S.C. § 552(b).

4. Plaintiff is not entitled to the production of non-exempt portions of records that are not reasonably segregable from exempt portions of records.

5. Defendant's actions or inactions did not violate the FOIA or any other statutory or regulatory provision.

6. The Court lacks subject-matter jurisdiction over Plaintiff's request for relief that exceeds the relief authorized under the FOIA.

7. Plaintiff is neither eligible for nor entitled to attorneys' fees or costs.

8. Plaintiff's FOIA requests are improper to the extent they are overbroad, fail to reasonably describe the records sought as required by 5 U.S.C. § 552(a)(3)(A), or would require Defendant to undertake an unreasonably burdensome search, review, redaction, or production effort.

9. To the extent the Complaint alleges background facts unnecessary to the consideration of Defendant's response to the FOIA request at issue, the Complaint violates Rule 8(a)(2) by alleging information that is unnecessary to a "short and plain" statement of the claim. The Court should strike all such immaterial and impertinent matters pursuant to Rule 12(f). See *Mich. Immigr. Rts. Ctr. v. Dep't of Homeland Sec.*, Civ. A. No. 16-14192, 2017 WL 2471277, at *3 (E.D. Mich. June 8, 2017) (deeming stricken under Rule 12(f) background facts alleged in a FOIA complaint: "In this unique context, requiring Defendants to answer allegations in Plaintiffs' complaint that they would not otherwise be required to answer, and that are not material to Plaintiffs' FOIA claim, would prejudice Defendants."); *Robert v. Dep't of Just.*, Civ. A. No. 05-2543, 2005 WL 3371480, at *11 (E.D.N.Y. Dec. 12, 2005) (striking allegations of background facts; concluding that plaintiff's "allegations are irrelevant to the validity of [his] FOIA claims").

10. Defendant respectfully request and reserves the right to amend, alter, and supplement the defenses contained in this Answer as the facts and circumstances giving rise to the Complaint become known to it through the course of litigation.

Dated: May 18, 2026
Washington, D.C.

JEANINE FERRIS PIRRO
United States Attorney

By: */s/ Benjamin H. Zieman*
Benjamin H. Zieman
Assistant United States Attorney
601 D Street N.W.
Washington, D.C. 20530
202-252-2540
benjamin.zieman@usdoj.gov

*Attorneys for the United States of America*